FEDERAL ELECTION COMMISSION,
Plaintiff,

v.

AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, Defendant.

Civ. No. 78–2114.

United States District Court,
District of Columbia.

May 15, 1979.

6. *See generally Thompson v. Washington*, 179 U.S.App.D.C. 357, 551 F.2d 1316 (1977).

William C. Oldaker, Gen. Counsel, Charles N. Steele, Associate Gen. Counsel, Thomas J. Whitehead, Asst. Gen. Counsel, Vincent J. Convery, Federal Election Commission, Washington, D.C., for plaintiff.

Larry P. Weinberg, Washington, D.C., for defendant.

JOHN LEWIS SMITH, Jr., District Judge.

## OPINION

Plaintiff Federal Election Commission (FEC) has brought this action against defendant American Federation of State, County and Municipal Employees (AFSCME) alleging violation of the disclosure requirements of 2 U.S.C. § 431(f)(4)(C), for failure to report $983.73 spent in 1976 to publish and circulate to its members a "Nixon-Ford" poster. This poster depicts then-President Gerald Ford, wearing a button reading "Pardon Me" and embracing former President Richard Nixon. It contains a quote excerpted from a speech by Ford on July 25, 1974: "I can say from the bottom of my heart—the President of the U. S. is innocent, and he is right." The matter is now before the Court on defendant's motion to dismiss for failure to state a claim upon which relief can be granted.

In order to trigger the reporting requirement of 2 U.S.C. § 431(f)(4)(C), the poster must come within the statutory definition of a "communication expressly advocating the election or defeat of a clearly identified candidate." At the same time it must not be "primarily devoted to subjects other than the express advocacy of the election or defeat" of a candidate. This definition is derived directly from the Supreme Court decision of *Buckley v. Valeo*, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976). There the Court held that 2 U.S.C. § 434(e), which contained expenditure disclosure requirements for individuals, could withstand First Amendment challenge on overbreadth grounds, only if limited:

> to reach only funds used for communications that expressly advocate the election or defeat of a clearly identified candidate. This reading is directed precisely to that spending that is unambiguously related to the campaign of a particular federal candidate. (footnote omitted). *Id.* at 80, 96 S.Ct. at 664.

H.R. Rep. 94–1057, Conference Report to accompany S. 3065, 94th Cong., 2d Session, p. 38 (1976). To describe what it meant by the term "expressly advocate" the Court referred to an earlier footnote, which addressed the narrow construction to be accorded communications subject to the expenditure limitations of former § 608(e)(1) of Title 18 in order to avoid invalidation on vagueness grounds. The note states that "communications containing express words of advocacy of election or defeat" are terms such as "vote for," "elect," "support," "cast your ballot for," "Smith for Congress," "vote against," "defeat," "reject." *Buckley v. Valeo, supra,* at 44, n. 52, 96 S.Ct. 612, 647.

The *Buckley* analysis of the limits of political activity regulation is based on long recognized principles: (1) political expression, including discussion of candidates, is afforded the broadest protection under the first amendment; and (2) discussion of public issues which are also campaign issues unavoidably draws in candidates and tends to inexorably exert influence on voting at elections. *Id.* at 14 and 42, n. 50, 96 S.Ct. 612.

To avoid constitutional infirmity this Court will consider § 431(f)(4)(C) in light of the evil sought to be remedied and the standards laid down in *Buckley v. Valeo, supra.* The statute at issue seeks to focus attention on the sources of express, though independent advocacy, so that those making independent expenditures which are the equivalent of direct contributions to the candidate's campaign would be identified. *See, Buckley v. Valeo, supra* at 81, 96 S.Ct. 612. The Nixon-Ford poster involves no

such express advocacy as that term was described in *Buckley*, nor is there any indication that Congress intended the term "express advocacy" to include the communication at issue here. *See, United States v. National Committee for Impeachment*, 469 F.2d 1135 (2 Cir. 1972). In addition, although the poster includes a clearly identified candidate and may have tended to influence voting, it contains communication on a public issue widely debated during the campaign. As such, it is the type of political speech which is protected from regulation under 2 U.S.C. § 431, *et seq.*

In view of the fact that plaintiff has failed to allege a violation of § 431(f)(4)(C), defendant's motion to dismiss is granted.